UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| JERRY RAFFERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  2:11CV55 TIA |
| ) | |
| MICHAEL ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is on appeal from an adverse ruling of the Social Security Administration. The suit involves applications for Supplemental Security Income under Title XVI of the Act and Disability Insurance Benefits under Title II of the Act.  Claimant has filed a Brief in Support of his Complaint; the Commissioner has filed a Brief in Support of his Answer. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I.     Procedural History**

On February 2, 2009, Claimant Jerry Rafferty filed applications for Supplemental Security Income payments pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. (Tr. 80-83) and for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq.  (Tr. 73-79).[1]  In the Disability Report Adult completed by Claimant and filed in conjunction with the applications, Claimant stated that his disability began on April 17,

---

[1] "Tr." refers to the page of the administrative record filed by the defendant with its Answer (Docket No. 13/filed October 14, 2011).

2008, due to left and right leg problems, lower back and neck problems, shoulder problems, constant pain all over, depression, and anxiety.  (Tr. 106-14).  On initial consideration, the Social Security Administration denied Claimant's claims for benefits.  (Tr. 34-38).  Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. 39-40).  On January 19, 2010, a hearing was held before an ALJ.  (Tr. 18-30).  Claimant testified and was not represented by counsel.  (Id.).  Vocational Expert Jennifer Sullivan also testified at the hearing.  (Tr. 27-29).  Thereafter, on May 21, 2010, the ALJ issued a decision denying Claimant's claims for benefits.  (Tr. 5-17).  On June 9, 2011, the Appeals Council found no basis for changing the ALJ's decision and denied Claimant's request for review of the ALJ's decision.  (Tr. 1-3).  The ALJ's determination thus stands as the final decision of the Commissioner.  42 U.S.C. § 405(g).

Claimant's Waiver of Right to Representation at the Hearing

Although not raised by Claimant, the undersigned sua sponte finds that Claimant's waiver of the right to representation at the hearing to be invalid based on the record inasmuch as the ALJ never advised Claimant of his right to counsel.

Although a claimant does not have a constitutional right to counsel at a Social Security disability hearing, he does have a statutory and regulatory right to be represented should he choose to obtain counsel.  42 U.S.C. § 406; 20 C.F.R. § 404.1705.  The applicable statute and regulations state that when notifying a claimant of an adverse initial determination and his right to a hearing, the Commissioner must notify him in writing of his option to obtain an attorney to represent him at the hearing, and of the availability of organizations which provide legal services free of charge to qualifying individuals.  Id. (ALJ is obligated to inform a pro se claimant in writing "of the options for obtaining attorneys to represent [the claimant] in presenting their case

before the Commissioner of Social Security" with any notices of adverse decisions, and "[s]uch notification shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provided legal services free of charge.").[2]

Courts have held that at the hearing itself, the ALJ must ensure that the claimant is aware of his right to counsel. Lamay v. Comm'r of Social Sec., 562 F.3d 503, 507 (2d Cir. 2009)(citing cases and declining to adopt a specific litany which the ALJ must use in ensuring that the claimant understands his right to be represented by counsel); Richardson v. Astrue, Cause No. 2:07cv17DDN, 2008 WL 3982064, at *19 (E.D. Mo. Aug. 22, 2008).

A claimant may waive his right to proceed with a lawyer or representative, but for a waiver to be effective, "the claimant must be given sufficient information to enable him to decide whether to retain counsel, or whether to proceed pro se." Id. Here, on the day of the hearing, Claimant executed a Waiver of Right to Representation, which consisted of a four-question checklist. (Tr. 71). The undersigned notes that Claimant changed his answers to two questions, "Did you have a representative for your hearing today?" and "Did you have any questions about representation rights?" (Tr. 71). At the beginning of the hearing, the following exchange took place between the ALJ and Claimant:

    ALJ: Do you have an attorney with you today?

    CLMT: No, sir.

    ALJ: I don't see – where is he?

    CLMT: Pardon?

---

[2] Here, the Commissioner sent out written notice of his right to counsel that included options for obtaining attorneys and information regarding the availability of free legal services with the letter acknowledging his request for hearing dated May 8, 2009 (Tr. 41-46) and the Notice of Hearing (Tr. 47-55)

>ALJ: He doesn't seem to be with you today?
>
>CLMT: No, I'm not representing by a attorney.
>
>ALJ: When did Mr. Carter withdraw from your case?
>
>CLMT: I didn't quite understand.
>
>ALJ: It seems to me there was a note on it that Mr. Carter was going to represent you today.
>
>CLMT: Not that I know of.
>
>ALJ: Okay.
>
>CLMT: I don't know of any attorney representing –

(Tr. 20).

In his Decision, the ALJ noted that "[a]lthough informed of the right to representation, the claimant chose to appear and testify without the assistance of an attorney or other representative." (Tr. 8).

The undersigned's reading of the record suggests that Claimant was not apprised of his right to have counsel at the hearing nor was he advised he was entitled to postpone the hearing in order to retain counsel.  The ALJ must ensure that the claimant is aware of his right to be represented by counsel at the hearing.  Smith v. Schweiker, 677 F.2d 826, 828 (11th Cir. 1982); Crysler v. Astrue, 2008 WL 2600878, at *7 (N.D.N.Y. June 27, 2008) (adopting report and recommendation of magistrate judge).  Once the ALJ has adequately notified the claimant of her right to proceed with a lawyer or representative, the claimant may waive that right to proceed with a lawyer or representative, the claimant may waive that right.  Crysler, 2008 WL 2600878, at *8.  For a waiver to be effective, the claimant must be given sufficient information to enable her to

decide whether to retain counsel, or whether to proceed pro se. Etayem v. Bowen, 1989 WL 121271, at *3 (N.D. Ill. Oct. 11, 1989). This information includes an explanation of the valuable role played by an attorney, the possibility of free legal counsel, and the limitation of an attorney's fees to a percentage of any eventual award. Smith, 677 F.2d at 829. The undersigned finds that the ALJ's failure to apprise Claimant of his right to counsel at the hearing, as required by the Commissioner, renders any alleged waiver of the right to counsel ineffective. The record is devoid of any evidence of express waiver. While waiver may be implied by the circumstances, the record contains insufficient circumstantial evidence to conclude that Claimant knowingly and intelligently waived his right to representation at the hearing.

A social security hearing is a non-adversarial proceeding, which requires the ALJ to fully and fairly develop the record. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). When the claimant appears without the benefit of a lawyer, the ALJ has a heightened duty to fully and fairly develop the record. Wingert v. Barnhart, 894 F.2d 296, 298 (8th Cir. 1990); Etayem, 1989 WL 121271, at *4. "This duty requires the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). This means the ALJ must be diligent to ensure that he elicits both favorable and unfavorable facts and circumstances from the claimant. Id. To justify remand, the claimant must show she was prejudiced by the absence of counsel, but does not have to show she would have received benefits. Brown, 44 F.3d at 935.

During the hearing, the ALJ not only failed to inform Claimant of his right to an attorney, he did not explain the benefits of having a lawyer during the hearing, or how much money a lawyer would expect. See Smith, 677 F.2d at 829. The ALJ also did not make any effort to elicit

evidence favorable to Claimant.  Although the ALJ noted that the severity of Claimant's psychiatric disorders have imposed mild restrictions of activities of daily living, he did not ask Claimant any questions about the effects of these impairments or any exertional limitations.  The ALJ never questioned Claimant about his disabling pain or his medications or their possible side effects.  See id. at 737 (faulting the ALJ for failing to ask about the dosage and side-effects of the claimant's medications).  The ALJ failed to inquire about any exertional limitations during examination of Claimant, and the vocational expert based her testimony on the exertional limitations from Claimant's testimony.  Finally, the entire hearing, which included testimony from a vocational expert, lasted thirty-one minutes.  See Etayem, 1989 WL 121271, at *4 (noting that the entire hearing lasted only twenty-five minutes and that brevity is an indication of an insufficient hearing).

During the hearing, half of the time spent questioning the vocational expert, the ALJ failed to explain the benefits of having a lawyer, and failed to inquire about his restrictions stemming from psychiatric disorders and any exertional limitations and his medications.  Taken together, Claimant was prejudiced by not having a lawyer, and the decision must be remanded for a full and fair hearing.

## Conclusion

Claimant might not be disabled within the meaning of the Act.  Nonetheless, for the reasons set forth above, the decision of the Commissioner of Social Security is reversed and remanded under Sentence Four of 42 U.S.C. § 405(g), so that Claimant can have a full and fair hearing.

**IT IS HEREBY ORDERED** that the final decision of the Commissioner denying social security benefits be **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** for further proceedings consistent with this Memorandum and Order pursuant to sentence four of § 405(g). An appropriate judgment will accompany this Memorandum and Order.

                                                           /s/ Terry I. Adelman  
                                                  UNITED STATES MAGISTRATE JUDGE

Dated this   26th   day of September, 2012.